**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRYAN C. LORENZ,
        Appellant,

    v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DE-0432-24-0091-I-1

DATE: June 11, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mario E. Benavides</u>, El Cajon, California, for the appellant.

<u>Temple Louise Wilson</u>, Esquire, and <u>John Norquist</u>, Esquire,
    Fort Belvoir, Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which upheld the removal action based on unacceptable performance and found that he did not prove his claim of harmful procedural error. On petition for review, the appellant asserts, among other things, that his performance before the performance improvement plan (PIP) was not unacceptable, he was not on notice

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of deficiencies in his pre-PIP performance, and the administrative judge misinterpreted the agency's obligations under the collective bargaining agreement (CBA). Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

To defend an action under chapter 43, the agency must prove the following by substantial evidence[2]: (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained

---

[2] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

unacceptable in at least one critical element.[3] *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15.

The appellant challenges the administrative judge's credibility determinations in the supervisor's favor about how his performance was unacceptable in one or more critical elements during the appraisal period. PFR File, Tab 1 at 8 (citing Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 9). The appellant asserts that the administrative judge's reliance on the supervisor's testimony was erroneous because, in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1363 (Fed. Cir. 2021), the court determined that unacceptable pre-PIP performance was an essential part of an unacceptable performance action in part due to its concerns about pretextual PIPs. PFR File, Tab 1 at 8. This assertion does not warrant a different outcome. Notably, the U.S. Court of Appeals for the Federal Circuit stated in *Santos* that it was not "prescribing any particular evidentiary showing with respect to the employee's pre-PIP performance," and "[p]erformance failures can be documented or established in any number of ways."[4] *Santos*, 990 F.3d at 1363.

The initial decision reflects the administrative judge's careful consideration of the documentary and testimonial evidence. Moreover, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not identified such reasons. Accordingly, we discern no error with the administrative judge's

---

[3] The appellant does not challenge the administrative judge's findings that the agency proved elements (1)-(3) and (6). Therefore, we affirm the initial decision in this regard.

[4] The court stated that the burden would then shift to the employee to prove that the motive for imposing the PIP and the removal was discriminatory. *Santos*, 990 F.3d at 1363. However, the court's concern about pretextual PIPs is not implicated here because the appellant, unlike Mr. Santos, did not allege discrimination or retaliation.

conclusion that the agency proved that the appellant's performance during the appraisal period was unacceptable in one or more critical elements. *See, e.g.*, 5 U.S.C. § 4301(3) (defining "unacceptable performance" as "performance of an employee which fails to meet established performance standards in one or more critical elements of such employee's position").

The appellant also contends that the agency failed to distinguish between acceptable and unacceptable performance during the pre-PIP period. PFR File, Tab 1 at 10-11. In pertinent part, he asserts that the inadequacies cited in critical element 1 (Audit Planning and Approach) in his progress reviews resulted in a fully successful rating, and the administrative judge did not acknowledge or explain this discrepancy, which discredits the agency's position that his overall performance was unacceptable. *Id.* at 10. This assertion does not warrant a different outcome because the agency is only required to prove by substantial evidence that the appellant's performance during the appraisal period was unacceptable *in one or more critical elements*. *Lee*, 2022 MSPB 11, ¶ 15. For the reasons set forth in the initial decision, we agree with the administrative judge that the agency met its burden in this regard.

The appellant also asserts on review that the "center of the problem with this case" is that he "did not know on which critical element his work was acceptable or not because all critical elements have inadequacies identified." PFR File, Tab 1 at 6. He also asserts that "he did no[t] know his work was unacceptable until the PIP started." *Id.* To the extent that he is challenging the administrative judge's assessment of element (5), i.e., whether the agency warned him of the inadequacies in his performance during the appraisal period, ID at 11, a different outcome is not warranted.[5]

---

[5] The appellant does not challenge the administrative judge's finding that the agency gave him an adequate opportunity to demonstrate adequate performance. ID at 11; *Lee*, 2022 MSPB 11, ¶ 15. We affirm the initial decision in this regard.

The initial decision documented the appellant's numerous deficiencies at the time of the August 2022 progress review, particularly with respect to critical elements 2 (Audit Performance), 3 (Documenting and Reporting Results), and 5 (Internal Communication and Support). ID at 2-4; IAF, Tab 5 at 78-82. Regarding critical elements 2 and 3, the administrative judge noted that the progress review found, among other things, that the appellant was slow to communicate about data that he received from a contractor, his delay in reaching out to the contractor prolonged completion of fieldwork, his work papers required corrections, he resorted to pro forma language, and his work contained inaccuracies. ID at 2-3. Regarding critical element 5, the administrative judge noted that the supervisor constantly needed to reach out to the appellant, he failed to complete transaction testing before going on vacation, and he did not explain why the testing did not occur. ID at 3-4. The administrative judge noted that the supervisor's conclusion on this critical element was "harsh" because she advised him that his performance showed a decline, he needed to show improvement to maintain a fully successful rating, and continued deficiencies may result in an unacceptable rating for this critical element in future progress reviews. ID at 4; IAF, Tab 5 at 82.

At the time of the second progress review, in December 2022, the appellant's father had recently passed away. ID at 4. Regarding critical elements 2 and 3, the supervisor explained that there were several "issues/rework/corrections that had to be completed by another auditor," but it was not "fair to hold this level of work against [the appellant] due to the family tragedy." ID at 4-5; IAF, Tab 5 at 73-74. However, regarding critical element 5, the supervisor stated that, despite numerous discussions, the appellant "has yet to increase communication; the supervisor always has to reach out to check on the status of the assignment, ask if there are working papers ready for review, and ask for due date extensions." IAF, Tab 5 at 76. The supervisor also stated that the appellant "does not communicate why the tasks were not completed and when he

can complete the task by," which demonstrates that he "lack[s] a sense of urgency in completing his work on a timely basis." *Id.* Here, again, the supervisor advised the appellant that his performance for this critical element showed a decline, and he would need to show improvement to maintain a fully successful rating. *Id.* She also noted, again, that continued deficiencies would result in an unacceptable rating for this critical element in future progress reviews. *Id.* We agree with the administrative judge that, taken together, the agency provided the appellant with ample notice of inadequacies in his performance during the appraisal period. ID at 11.

We have considered the appellant's remaining assertions regarding the unacceptable performance action. For example, he asserts that the administrative judge erroneously found that his overall rating was unacceptable based on the agency's "formula." PFR File, Tab 1 at 4; ID at 6. Even if we determined that the administrative judge's use of the word "formula" in this regard was an adjudicatory error,[6] it is not prejudicial to the appellant's substantive rights and it provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

Regarding his claim of harmful procedural error, the appellant asserts that the CBA is not "[o]ptional" or "[h]opeful," and the administrative judge mischaracterized the CBA as "aspirational" because the PIP was taken "[i]n accordance with" Article 23 of the CBA. PFR File, Tab 1 at 9-10 (citing ID at 14). Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

---

[6] The appellant concedes on review that "failure on any [critical] element makes the entire appraisal rating unacceptable." PFR File, Tab 1 at 4; *see* IAF, Tab 5 at 68 ("When a rating on any element is '1' – Unacceptable, the overall Rating of Record shall be '1' – Unacceptable, regardless of the Summary Rating.").

The appellant mischaracterizes the administrative judge's findings. Importantly, the administrative judge examined the relied-upon provision of the CBA, which stated that "the supervisor is *highly encouraged* to initiate additional performance meetings with the employee whenever a decline in performance is identified." ID at 14; IAF, Tab 18 at 8 (emphasis supplied). The administrative judge concluded that the provision was "merely aspirational" because additional performance meetings were "highly encouraged," not required. ID at 14. We discern no error with the administrative judge's analysis of this provision or his conclusion that the appellant did not prove that the agency violated the CBA. *Id.* Even if we determined that the appellant proved that the agency violated the CBA in this regard, he has not shown how a different outcome would be warranted. Indeed, the administrative judge correctly noted that the appellant's supervisor identified performance deficiencies early and assisted the appellant to address these deficiencies. *Id.*

We have also considered the appellant's assertion that the administrative judge erred in concluding that there was no mismatch between his progress reviews and his final performance appraisal, in which he was rated unacceptable in critical elements 2, 3, and 5. PFR File, Tab 1 at 7-8. For the reasons set forth in the initial decision and discussed herein, the progress reviews put the appellant on notice of his numerous deficiencies, and these progress reviews were consistent with his performance appraisal. ID at 14-15; IAF, Tab 5 at 61-69, 72-82. The appellant has not identified any agency error in this regard, nor has he proven that any such error would have led to a different result.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.